UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No. _____ 04 MBD 10181

| | |
|---|---|
| In the Matter of the Arbitration between ) <br> NEVADA POWER COMPANY, ) <br> ) <br> Claimant, ) <br> ) <br> and ) <br> ) <br> RELIANT ENERGY SERVICES, INC., ) <br> ) <br> Respondent, ) <br> ) <br> American Arbitration Association, ) <br> <u>Case No. 79 Y 198 00151 03 VSS</u> ) | MOTION TO COMPEL <br> COMPLIANCE WITH SUBPOENA <br> DUCES TECUM (DOCUMENTS) <br> (Fed. R. Civ. P. 45(a)(2)(B)) <br> AND REQUEST FOR <br> ORAL ARGUMENT |

## RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Reliant Energy Services, Inc. ("Reliant") hereby moves for an order to compel compliance with a subpoena duces tecum dated May 10, 2004, issued by this Court to Michael Quinn and Analysis Group, 111 Huntington Ave., Boston, MA 021999 ("Quinn and Analysis Group"). The subpoena seeks the production of documents relevant to the claims asserted in an American Arbitration Association proceeding, *In the Matter of the Arbitration between Nevada Power Company, Claimant, and Reliant Energy Services, Inc., Respondent*, Case No. 79Y 198 00151 03 VSS. A copy of the subpoena duces tecum, with attached description of the documents to be produced, is attached as Exhibit 1. An objection served on behalf of Quinn and Analysis Group is attached as Exhibit 2.

DC01:388561.2

## REQUEST FOR ORAL ARGUMENT

Reliant respectfully requests that this Motion To Compel be set for oral argument before the Court.

## GROUNDS FOR RELIEF

Quinn and Analysis Group should be ordered to comply with the subpoena served on them because the objections submitted in response to the subpoena are not well taken in law or fact:

1. On May 13, 2004, Reliant served a subpoena duces tecum from this Court on Analysis Group, Inc. On May 10, 2004, Reliant served the same subpoena duces tecum on Analysis Group's employee, Michael Quinn, via certified mail. On May 27, 2004, a copy of this subpoena was sent to Paul Wilson, attorney for Quinn and Analysis Group, who accepted service of this subpoena on behalf of Quinn and Analysis Group. (Affidavit of Mark R. Robeck, Baker Botts LLP, attached hereto as Exhibit 3.)

2. The subpoena requires the production of:

   i. All workpapers reviewed or generated by Quinn and Analysis Group in conjunction with work performed under contract No. FERC 02-OED-22312 with the Federal Energy Regulatory Commission ("FERC") regarding the Investigation of Potential Manipulation of Electric and Gas Prices in FERC Docket No. PA02-2-000.

   ii. All data that Quinn and Analysis Group collected, utilized, analyzed, reviewed or relied upon in any way in generating the workpapers responsive to item i.

iii. All documents provided to Quinn and Analysis Group by FERC or any other party in connection with work related to the March 26, 2003 Final Staff Report issued in FERC Docket No. PA02-2-000.

iv. Any other documents that Quinn and Analysis Group generated that reflect or relate in any way to the Final Staff Report issued in FERC Docket No. PA02-2-000.

(Exhibit 1, Subpoena)

3. The workpapers and other documents sought from Quinn and the Analysis Group are at the heart of the arbitration between Nevada Power Company ("Nevada Power") and Reliant. The arbitration and the preceding federal court case involve claims brought by Nevada Power against Reliant that largely regurgitate the faulty analysis and erroneous conclusions regarding Reliant's natural gas trading activities included in Chapter II of the March 26, 2003 Final Staff Report issued in Docket No. PA02-2-000.[1]  (The Final Staff Report is available at http://www.ferc.gov/legal/ferc-regs/land-docs/PART-I-3-26-03.pdf.) Although published as the work of the FERC Staff, the Final Staff Report is claimed to have been prepared by Quinn and Analysis Group. In an affidavit filed by Nevada Power in the federal court case, Quinn, an expert retained by Nevada Power, states that he and Analysis Group "were retained by FERC to prepare the March 26, 2003 report." Robeck Affidavit, ¶ 4 and attachment c thereto. The Final Staff Report itself notes that it was prepared with the economic and econometric assistance of outside contractors. Final Staff Report at II-1.

---

[1] Pages 39-43 of the First Amended Complaint in Case No. CV-5-03-0414 JCM-RJJ, *Sierra Pacific Resources and Nevada Power Company vs. El Paso Corporation, et al.*, In the United States District Court for the District of Nevada, attached hereto as Exhibit 4, consist largely of restatements of allegations made in Chapter II of the Final Staff Report. Those allegations are repeated in the Nevada Power's Demand for Arbitration. *See e.g.* Exhibit 5, ¶¶ 19-24.

4. Chapter II of the Final Staff Report was devoted entirely to an investigation of Reliant's gas purchasing and selling activities in Southern California and the effect of Reliant's gas trading practices on gas and power prices. Having authored or contributed to the Final Staff Report, Quinn and Analysis Group were retained by Nevada Power to assist it in bringing significant claims of fraudulent conduct and market manipulation against Reliant based on the erroneous factual conclusions contained in the Final Staff Report. Indeed, in its responses to Reliant's interrogatories intended to identify the factual basis for Nevada Power's claims, Nevada Power frequently refers to the "detail in Chapter II of the Final Report . . . in Docket No. PA02-2-000." Attachment a to Robeck Affidavit, Nevada Power Company's Objections and Responses to Reliant Energy Services, Inc.'s First Set of Discovery Requests, responses 6-11, 15-16.

5. Because Nevada Power's claims against Reliant are directly tied to the work conducted for FERC by Quinn and Analysis Group, access to the workpapers and other documents sought by the subpoena duces tecum is essential to Reliant's defense against the claims brought by Nevada Power. However, Nevada Power, Quinn and Analysis Group have thwarted Reliant's attempts to obtain these documents claiming, without any legal authority, that FERC must approve the production of the Quinn and Analysis Group workpapers and documents. To date, FERC has not approved such production and insists that it must review each responsive document to determine whether to approve its release.[2]

---

[2] Reliant disagrees that it is for FERC to decide whether to "permit" Quinn and Analysis Group to produce their workpapers. When Reliant made a Freedom of Information Act ("FOIA") request to FERC over a year ago, FERC stated it was withholding only drafts of Chapter II (not workpapers) and that the "Commission has no other documents that are responsive to your request." Robeck Affidavit, ¶ 5 and attachment d thereto. Nevertheless, Reliant has filed a suit against FERC pursuant to FOIA. That suit, however, in no way relieves Analysis Group and Quinn from their obligations to respond to the subpoena.

6. This denial of access to the Quinn and Analysis Group workpapers and documents is particularly prejudicial to Reliant because the Final Staff Report, and the underlying Quinn and Analysis Group work, was part of a FERC investigation in which there was *never* any discovery, evidentiary hearing, or other opportunity to test the inflammatory and highly suspect factual conclusions that rest on the work of Quinn and Analysis Group. In short, having asserted claims against Reliant based on the untested analysis conducted by Quinn and Analysis Group for FERC, Nevada Power, Quinn and Analysis Group now seek to insulate that work from scrutiny in Nevada Power's private actions against Reliant. Reliant is entitled to fully evaluate the work that forms the basis of Nevada Power's factual assertions of Reliant's alleged wrongdoing so that it may adequately defend itself, but it can only do so with access to the Quinn and Analysis Group's workpapers and documents sought by the subpoena.

7. In objecting to the subpoena, Quinn and Analysis Group assert that the information sought by Reliant belongs to FERC, such that the documents may not be released without the permission of FERC. In addition, Quinn and Analysis Group purport to assert all objections available to FERC, including the deliberative process privilege under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* But neither Nevada Power nor Quinn and Analysis Group may properly invoke a privilege that may or may not be available to FERC to alter their discovery obligations in connection with the subpoena. Whether or not the work was done in the first instance pursuant to a contract with FERC, the workpapers and other documents sought from Quinn and Analysis Group are clearly relevant to the claims brought by Nevada Power against Reliant and are not protected by any privilege that is available here to Nevada Power or its experts.

8. There is no basis for the objection that the request is overbroad or any objection that the request subjects Quinn and Analysis Group to an undue burden. The documents requested are directly related to Chapter II of the Staff Report, the faulty conclusions of which are the foundation of Nevada Power's claims against Reliant. For this reason, the workpapers and documents requested are directly related to Nevada Power's claims against Reliant and clearly discoverable. Moreover, counsel for Analysis Group has represented that responsive documents have already been collected and sent to FERC. Providing the same information to Reliant cannot be, therefore, unduly burdensome.

9. Quinn and Analysis Group should be ordered to produce all documents that respond to the command of the subpoena forthwith, on pain of contempt of court.

## RECORD ON MOTION

This motion is based on this document, the attached notice of motion and certificate of service, the supporting Affidavit of Mark R. Robeck, and attachments thereto, and on whatever evidence and argument may had at any hearing on this motion.

Respectfully submitted,

*[signature]*

Steven R. Hunsicker
D.C. Bar No. 931683
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
(202) 639-7700
(202) 585-1031 (Facsimile)
steve.hunsicker@bakerbotts.com

J. Gregory Copeland
Mark R. Robeck
Baker Botts LLP
One Shell Plaza
910 Louisiana St.
Houston, TX   77002-4995
(713) 229-1234
(713) 229-1522 (Facsimile)
greg.copeland@bakerbotts.com
mark.robeck@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for Analysis Group, Inc. and Michael Quinn by mail on the 23rd day of June, 2004.

*[signature]*